**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| United States of America, | ) | CR-04-1142-PHX-DGC |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Dragan Ubiparipovic, | ) ) | |
| Defendant. | ) ) ) | |

Defendant Dragan Ubiparipovic has asked the Court to issue an order compelling the Government to produce certain information. Doc. #76. Alternatively, Defendant seeks the issuance of a subpoena. *Id.* The Government opposes Defendant's request for an order compelling it to produce information. Doc. #87. A hearing was held on April 19, 2006.

Defendant seeks to obtain the names and addresses of all employees of the International Organization for Migration ("IOM"), in Belgrade, for the years 1999, 2000, and 2001. Defendant believes that some of these employees will testify that IOM employees routinely told individuals in Defendant's position not to mention their service in the Bosnian-Serb army when applying for admission to the United States. Defendant asserts that such testimony will support an estoppel by entrapment defense and will bolster Defendant's credibility when he testifies about receiving such advice.

**A.      *Brady* and *Giglio.***

Defendant seeks disclosure on several legal grounds: *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); and Rule 16(a)(1)(E)(i) of the Federal

1    Rules of Criminal Procedure.  Under *Brady's* constitutional mandate, the Government "is

2    obligated by the requirements of due process to disclose material exculpatory evidence on

3    its own motion, without request."  *Carriger v. Stewart*, 132 F.3d 463, 479 (9th Cir. 1997).

4    Under *Giglio*, the Government's obligation to disclose exculpatory evidence was expanded

5    to include information that could be used to impeach Government witnesses.  *See Giglio*, 405

6    U.S. at 154.  Because Defendant has made no showing that employees of the IOM's Belgrade

7    office do in fact possess exculpatory evidence, or that they possess evidence that could be

8    used to impeach Government witnesses, the Court will not at this time order the Government

9    to produce the information under *Brady* and *Giglio*.

10           **B.     Rule 16(a)(1)(E)(i).**

11           Under Rule 16(a)(1)(E), the Government must disclose various documents and objects

12   "if the item is within the Government's possession, custody or control and: (i) the item is

13   material to preparing the defense . . . ."  For purposes of Defendant's motion, two issues must

14   be addressed: (1) are the names and addresses of the IOM Belgrade employees within the

15   "possession, custody, or control" of the Government, and (2) are the names and addresses

16   "material to preparing the defense"?

17           **1.     Possession, Custody, or Control.**

18           Counsel for the Government argues that the IOM is not a Government agency and that

19   its information is not within the possession, custody or control of the Government.  In

20   response, Defendant has provided the Court with a Memorandum of Understanding signed

21   in 1997 between a bureau in the State Department and the IOM.  Doc. #88, Ex. B.  The

22   Memorandum establishes a contractual relationship between the Government and the IOM

23   and specifically retains the IOM to perform various tasks on behalf of the Government.

24   These include registering and interviewing applicants for refugee status, assisting the

25   applicants in completion of temporary asylum requests, photographing and identifying

26   applicants, arranging medical examinations of applicants, providing required inoculations

27   of applicants, assembling biographical, medical, and sponsorship information regarding

28   applicants, obtaining authorization from foreign governments for the applicants to travel to

the United States, and arranging for transportation of applicants to the United States. These clearly are governmental functions delegated to the IOM in the Memorandum. It thus appears that the IOM acts as an agent of the Government in performing these functions. Counsel for the Government provided no basis for concluding otherwise.

The Ninth Circuit has held that the question of whether information is in the "possession, custody or control" of the Government for purposes of Rule 16(a)(1)(E) turns on "whether the United States Attorney had 'knowledge of and access to' the documents." *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995) (quoting *United States v. Brian*, 858 F.2d 1032, 1036 (9th Cir. 1989)). There is no dispute in this case that the United States Attorney has knowledge of the existence of the requested information – the names and addresses of IOM's Belgrade employees. The unresolved question is whether the United States Attorney has access to that information.

Government counsel explained at the hearing that he has asked the State Department to assist in obtaining the information. The State Department in turn provided counsel with the name of an IOM contact in Europe. When that individual was contacted, he did not provide the information. Government counsel agreed, however, that he has not asked the State Department to request the information from IOM as the State Department's agent under the Memorandum. Whether such a request will provide access to the information, or whether there is some legal basis for the State Department not to request the information or for IOM to refuse to respond, are presently unknown.

If Defendant makes the materiality showing required below, the Court will issue an order directing the United States Attorney to obtain the documents through such a request. If the United States Attorney determines through this effort that he does not in fact have access to the information, the Court will reconsider whether the Government has "possession, custody, or control" of the information within the meaning of Rule 16(a)(1)(E).

## C.    Materiality.

To obtain discovery of items under Rule 16(a)(1)(E)(i), defendants "must make a threshold showing of materiality, which requires a presentation of 'facts which would tend

to show that the Government is in possession of information helpful to the defense.'"
*Santiago*, 46 F.3d at 894 (quoting *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990)).   At the hearing, defense counsel suggested that he could make this showing by affidavit.   On or before **April 28, 2006**, defense counsel shall file affidavits or other information to satisfy the materiality showing required for discovery of the information at issue. The Court will review defense counsel's submissions and decide whether the required showing has been made.  If it has, the Court will, as noted above, issue an order requiring the United States Attorney to obtain information from the IOM through the State Department and will, if necessary, subsequently address the question of whether the Government has access to the requested information through this means.

> **D.     Subpoena.**

As an alternative, defense counsel requested that the Court issue a subpoena to IOM's New York office.  (The IOM Belgrade office apparently has been closed.)  In a effort to save time in obtaining the information at issue, the Court will sign such a subpoena.  This second means of discovery is appropriate given the uncertainty as to how best to obtain the information at issue.  Defense counsel is directed to prepare and submit a subpoena to the Court.

**IT IS ORDERED** that Defendant's motion for discovery re: IOM Belgrade Staff (Doc. #76) is **granted in part and denied in part** as set forth in this Order.

DATED this 25th day of April, 2006.

_____
David G. Campbell
United States District Judge

- 4 -