**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR-04-1142-PHX-DGC |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Dragan Ubiparipovic, ) | |
| Defendant. ) | |

Defendant Dragan Ubiparipovic has filed a motion for certification of records. Dkt. #117.  The motion concerns records allegedly in the possession of the International Organization of Migration ("IOM").  Specifically, Defendant seeks to obtain contact information for employees of IOM's Belgrade office from January 1, 2000 through December 31, 2002.  The motion notes that IOM has refused to produce such records in response to a subpoena duces tecum issued to IOM's New York office.  IOM apparently responded to the subpoena by citing Executive Order 10355, signed by President Truman in 1952, granting immunity to IOM's predecessor organization.

As a result of IOM's assertion of immunity, Defendant asks the Court to certify to the United States Secretary of State that the contact information for IOM-Belgrade employees is needed in the interest of justice in this case.  Defendant cites 8 U.S.C. § 1202(f)(1), which states that certain records may, in the discretion of the Secretary of State, be made available to a court which certifies that the information is needed in the interest of justice.  Defendant also asserts that the term "employee" in relevant regulations includes "contractors," and that

1    IOM-Belgrade employees are therefore deemed to be employees of the State Department.

2    *See* 22 C.F.R. § 172.1(b).

3         The Government initially responded to Defendant's motion by asserting that a copy

4    of the motion should be sent to the State Department for its response. Dkt. #121. The

5    Government also noted that 8 U.S.C. § 1202(f)(1) concerns records "pertaining to the

6    issuance or refusal of visas or permits to enter the United States" and does not include

7    contact information for individuals alleged to be employees or contractors of the State

8    Department. In response to this filing, the Court required Defendant to give notice of his

9    motion to the State Department. Dkt. #122. The Court ordered that any response from the

10   State Department be filed by September 22, 2006, with any reply being filed by Defendant

11   or the Government by September 29, 2006. *Id.* Defendant promptly sent a copy of his

12   motion to the State Department. Dkt. #123. At the Government's request, the Court

13   extended the response time to October 27, 2006. Dkt. ##127, 129.

14        The Government filed a supplemental response to Defendant's motion on

15   October 27, 2006, setting forth the position of the State Department. Dkt. #132. The

16   Government asserts that the records sought by Defendant are not State Department records.

17   Although some employees of IOM's Belgrade office between January 1, 2000 and

18   December 31, 2002 provided services in support of the State Department's Refugee

19   Admissions Program, the Government asserts that these individuals remained IOM

20   employees under the Memorandum of Understanding ("MOU") between the State

21   Department and IOM and were not employees or contractors within the meaning of 22 C.F.R.

22   § 172.1(b). The Government further asserts that the State Department is not in possession

23   of the information sought by Defendant and has no basis under the terms of the relevant

24   MOU to require IOM to provide the information. *Id.* The supplemental response further

25   asserts that only IOM has authority to waive immunity under Executive Order 10335, and

26   that the Secretary of State has no authority to waive immunity on behalf of an international

27   organization such as IOM. *Id.*

28

1    Finally, the Government asserts the following with respect to a potential waiver of

2  IOM immunity:

3    In its response, IOM further indicated that, if the Court wanted IOM to
   consider waiving its immunity with regard to this subpoena, the Court should

4    send a copy of the subpoena, along with a written request that IOM waive its
   immunity, to the U.S. Department of State, with a request that the Department

5    of State forward it to the Director General of IOM in Geneva, through the U.S.
   Permanent Mission to the United Nations in Geneva.  To date, the Department

6    of State has not received such a request.

7  Dkt. #132 at 2.

8    Defendant has filed no reply to the Government's response or supplemental response.

9  As a result, Defendant has not refuted the Government and State Department's assertions that

10 the records sought by Defendant are not in the possession of the State Department, that IOM-

11 Belgrade employees are not employees or contractors of the State Department, that 8 U.S.C.

12 § 1202(f)(1) does not apply to the information sought by Defendant, and that the Secretary

13 of State has no authority to waive IOM's immunity under Executive Order 10355 or to

14 compel production of the requested information under the MOU.  In addition, Defendant has

15 never requested that the Court seek a waiver of IOM immunity by the procedure outlined in

16 IOM's response to the subpoena duces tecum as recounted in the Government's supplemental

17 response.  Because Defendant has not refuted the assertions in the Government's response

18 or supplemental response, he has not carried his burden of demonstrating that the requested

19 certification should issue.

20    **IT IS ORDERED** that Defendant's Motion for Certification of Records (Dkt. #117)

21 is **denied**.

22    DATED this 30th day of November, 2006.

23

24

25    _____

26    David G. Campbell
   United States District Judge

27

28