**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-04-1142-PHX-DGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Dragan Ubiparipovic, | ) | |
| Defendant. | ) | |

Defendant has filed a trial memorandum with an offer of proof regarding the affirmative defense of entrapment by estoppel. Dkt. #168. The Government has filed a memorandum in response. Dkt. #170. The Court has advised the parties that it will determine whether the defense is unavailable as a matter of law. If so, the Court will withdraw its authorization of the expensive and time-consuming overseas discovery planned by Defendant. If the Court cannot determine the defense is unavailable as a matter of law, the discovery will be permitted as authorized.

"Entrapment by estoppel is the unintentional entrapment by an official who mistakenly misleads a person into a violation of the law." *United States v. Ramirez-Valencia*, 202 F.3d 1106, 1109 (9th Cir. 1999). "It derives from the Due Process Clause of the Constitution, which prohibits convictions based on misleading actions by government officials." *United States v. Batterjee*, 361 F.3d 1210, 1216 (9th Cir. 2004) (citing *United States v. Tallmadge*, 829 F.2d 767, 773 (9th Cir. 1987)).

1   To establish entrapment by estoppel, a defendant must show that (1) an authorized
2   government official, empowered to render the claimed erroneous advice, (2) who has been
3   made aware of all the relevant historical facts, (3) affirmatively told him the proscribed
4   conduct was permissible, (4) that he relied on the false information, and (5) that the reliance
5   was reasonable. *Id.* at 1216-17 (quotations and citations omitted). A defendant must
6   establish this defense by a preponderance of the evidence. *United States v. Stewart*, 185 F.3d
7   112, 124 (3d Cir. 1999).

**I. Authorized Government Official.**

Defendant was assisted in the refugee application process by the International Organization for Migration ("IOM"). Dkt. #168 at 4. According to Defendant, the IOM was contracted to act as an agent of the United States Department of State pursuant to a Memorandum of Understanding. *Id.* The Government argues that no authorized government officials worked for the IOM because its employees were not employees or contractors of the State Department. Dkt. #170 at 3. The parties do not dispute that the IOM assisted the State Department in processing immigration applications in Bosnia and that IOM officials spoke with Defendant numerous times before he signed and swore his I-590 refugee application.

This relationship may be sufficient to render IOM employees authorized agents of the United States government for purposes of preparing and processing immigration applications. In *Tallmadge*, the Ninth Circuit held that a federally licensed gun dealer was an agent of the government for the purpose of advising a convicted felon that his firearm purchase was lawful. 829 F.2d at 774. Like IOM employees, federally licensed gun dealers are not employees or contractors of the United States government. *Id.* Because the State Department relied on the IOM to process Bosnian immigration applications, IOM employees may well have been "empowered to render the claimed erroneous advice." *Batterjee*, 361 F.3d at 1216 (quotation omitted).[1]

---

[1] The Government argues that Defendant cannot be sure that IOM employees will testify at trial because of certain privileges, exemptions, and immunities that were granted

**II. Relevant Historical Facts.**

Defendant states that IOM officials knew he was a soldier in the Army of the Republic of Srpska before they provided the allegedly misleading advice. In support, Defendant states that "[i]t was common knowledge that all able bodied Bosnian-Serb men were expected to serve in the Army of Republic of Srpska." Dkt. #168 at 5. Defendant also stated to IOM employees that he had had "enough of war." *Id*. Upon hearing this, an IOM official stated: "Wait a moment, that subject is not talked about in this building." *Id*.

The Government argues that these facts did not apprise IOM officials that Defendant had served in the Army of the Republic of Srpska. Dkt. #170 at 4. The Court cannot conclude the Government is correct as a matter of law. The Ninth Circuit has permitted the entrapment by estoppel defense to be used even when the defendant did not explicitly state the relevant facts to government officials, provided the officials gave the same advice they would have given had they been explicitly told all the relevant facts. *Batterjee*, 361 F.3d at 1218. The Court finds it plausible that IOM officials knew Defendant served in the Army based on the fact that he was a young, healthy man who indicated that he was tired of war. Even if they did not know this fact for certain, the statement by IOM officials that the war was not to be spoken of indicates that IOM officials may not have acted differently had Defendant explicitly stated he served in the Army of the Republic of Srpska. It appears Defendant might be able to satisfy the second element of the test.

**III. Affirmative Statement that Proscribed Conduct was Permissible.**

Defendant argues that IOM officials made it clear that it was permissible to omit reference to his participation in the army by stating the "much broader prohibition that anything regarding the war was not to be talked about in the building." Dkt. #168 at 5. The

---

to the IOM by Executive Order 10335. Dkt. #170 at 3. Defendant readily admits as much. Dkt. 3168 at 6-7. For purposes of deciding whether the defense of entrapment by estoppel in unavailable as a matter of law, the Court will assume that Defendant can prove the facts he alleges.

- 3 -

1  Government counters that such a statement does not amount to an affirmative representation
2  that it was acceptable for Defendant to omit that he served in the army. Dkt. #170 at 4.

3      The Ninth Circuit has rejected an entrapment by estoppel defense when a federally
4  licensed firearms dealer did not tell the defendant that it was lawful to purchase firearms, but
5  rather processed his application without making an affirmative statement. *United States v.*
6  *Brebner*, 951 F.2d 1017, 1025 (9th Cir. 1991); *see also Ramirez-Valencia*, 202 F.3d at 1109
7  (no affirmative representation that it was lawful for a defendant to return to the United States
8  five years after being deported when the immigration form at issue stated simply that any
9  deported person who returned within five years would be guilty of a felony). On the other
10 hand, the Ninth Circuit has allowed a defendant to raise the defense even when an affirmative
11 representation was not made. *Batterjee*, 361 F.3d at 1217-18. In *Batterjee*, the defendant
12 was a legal alien on a non-immigrant visa who illegally purchased a firearm. The outdated
13 form he was given upon the purchase of the firearm indicated that the only immigration-
14 related ground for not being able to purchase a firearm was illegal status in the United States.
15 *Id.* at 1218. The court construed the form as indicating affirmatively to the defendant that
16 a legal alien could purchase a gun. *Id.*

17     Depending on how they develop during discovery, the facts of this case might more
18 closely resemble *Batterjee* than *Brebner*. Defendant was told that the war was not to be
19 spoken of in the IOM building – the very place where advice on visa applications was given.
20 While there was no affirmative statement that Defendant could omit his participation in the
21 army, it is possible that a reasonable interpretation of the IOM official's statement was that
22 one should not discuss or admit any participation in the army while working with the IOM.

23     The Government argues that Defendant's admission that he learned that participation
24 in the Army of the Republic of Srpska would result in a denial of refugee status renders the
25 entrapment by estoppel defense inapplicable, and that the "Due Process Clause of the
26 Constitution is not implicated when the defendant knew his conduct was not permissible."
27 Dkt. #170 at 4. The Government does not cite any authority for this position, which is
28 contradicted by Ninth Circuit law. "[E]ntrapment by estoppel rests on a due process theory

- 4 -

1  which focuses on the conduct of the government officials rather than on a defendant's state
2  of mind." *Batterjee*, 361 F.3d at 1218. "While one of the elements of an entrapment claim
3  is the absence of predisposition on the part of the defendant, a defendant's predisposition to
4  commit an offense is not at issue in an entrapment by estoppel defense." *Id*. (quotations and
5  citations omitted).

### IV.  Reliance on False Information.

Defendant must demonstrate that he relied on false information. *Id*. at 1216. He argues that he omitted reference to serving in the Army of the Republic of Srpska based upon hearing from an IOM official that the war was not to be spoken of in the IOM building. Dkt. #168 at 6. The Government responds that Defendant cannot meet this fourth element of the test because Defendant knew that his application would be denied if he admitted to serving in the army. Dkt. #170 at 4. As stated above, even if Defendant knew that his participation in the army would preclude the United States from granting his application, he has alleged facts that may enable him to show that he relied on the false information that it was permissible to omit reference to military service.

### V.  Reasonable Reliance.

"[A] defendant's reliance is reasonable if a person sincerely desirous of obeying the law would have accepted the information as true, and would not have been put on notice to make further inquiries." *Batterjee*, 361 F.3d at 1216-17 (citations omitted). Defendant claims that his participation in the immigration application process shows that he desired to obey the law. Dkt. #168 at 6. Defendant further argues that because the IOM-Belgrade office had been processing applications of Bosnian refugees for over a decade, he had no reason to believe he should make further inquiries. *Id*.

The Government contends that Defendant's admission that he knew his application would be denied if he truthfully reported his military service shows that he was not desirous of obeying the law. Dkt. #170 at 5. Without knowing all the facts Defendant may develop through discovery, the Court cannot conclude that it would be unreasonable for a person in Defendant's position, upon hearing the statement that the war was not to be spoken of in the


IOM building, to assume that it was acceptable to omit reference to military service. IOM-Belgrade's decade of experience might make his reliance more reasonable.

**VI. Conclusion.**

The Court does not conclude that Defendant is entitled to the defense of entrapment by estoppel. The Court merely holds that the defense cannot be eliminated at this stage as a matter of law. Defendant should be permitted to develop facts to support his defense. Those facts may or may not ultimately warrant application of the defense, but that is a decision that should be made only after the facts have been obtained and considered.

DATED this 2nd day of July, 2007.

_____
David G. Campbell
United States District Judge